UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

MICHAEL TRENK,

                Plaintiff,

-against-

COMENITY BANK

                Defendant(s).

-----------------------------------------------------------------X

Civil Action No.:

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION/PRELIMINARY STATEMENT

Plaintiff MICHAEL TRENK ("Plaintiff"), by and through his attorney, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel,, as and for his Complaint against the Defendant COMENITY BANK , (hereinafter referred to as Defendant), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2. Defendant is subject to, and required to abide by, the laws of the United States and the State of New York, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47

C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3. Plaintiff MICHAEL TRENK is a resident of the State of New Jersey, residing at 24 Cabinfield Circle, Lakewood, NJ 08701.

4. Defendant COMENITY BANK, has a Corporate Headquarters located at 1 RIGHTER PARKWAY SUITE 100 WILMINGTON, DE 19803.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331 and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On or about November 21st, 2016, Defendant began communicating with the Plaintiff by placing auto dialed phone calls to the Plaintiff's cell phone numbers of 917-708-1874, 917-708-1642, 917-708-1793, 917-708-1733 and leaving messages regarding

his wife's account. The Plaintiff believed the calls were autodialed because there was never a live person on the other end.

9. On November 22nd, 2016 based on these phone calls the Plaintiff called into the Defendant and made contact with a male representative who stated his name as "Farsley".

10. The Plaintiff explained that someone has been calling him and he believes it is regarding an account that his wife may have.

11. The representative asked what is her name? Shoshana?

12. The Plaintiff replied yes, then stated perhaps the account was with Synchrony.

13. The representative stated that he had contacted Comenity Bank.

14. The Plaintiff then went on to say maybe the account was with J Crew.

15. The representative said he would not be able to discuss anything on the account until it was verified and asked for the Plaintiff's address and the last four digits of his wife's social security number.

16. The Plaintiff gave the representative his address and stated that he was calling because he was the one receiving the phone calls on his wife's account and he would like for them to stop.

17. The representative asked for the numbers that he would want removed.

18. The Plaintiff said he had several and they ended in 1642,1874,1793, and 1733. He said those are my numbers and my wife knows what is going on.

19. The representative stated that the Plaintiff went to fast and he would need the entire number to be able to note them so the calls could stop.

20. The Plaintiff restated his phone numbers in full and said that he did not mind if the Defendant had them, he just did not want to receive calls on them.

21. The representative asked which number was the Plaintiff's wife's number.

22. The Plaintiff stated they were all his and his wife must have given the numbers to them which was fine, he just did not want to receive any calls on those numbers.

23. The representative then tried to explain to the Plaintiff that since the numbers were all his and they were trying to get a hold of his wife regarding existing business he wanted to know what number was hers so they could get in touch with her.

24. The Plaintiff said he didn't know and they could send her out a letter or something.

25. The representative confirmed again that none of the numbers were Plaintiff's wife's

26. The Plaintiff said no and said he would inform her they were trying to get a hold of her and the call was concluded.

27. Since the conclusion of the conversation with the Defendant's representative and the request to have the phone calls stop the Plaintiff has received at least 24 calls on his cell phones between the dates of November 21st, 2016 and February 28th, 2017.

## FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

30. It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges. See <u>Breslow c. Wells Fargo Bank, N.A.</u> 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and <u>Cavero v. Franklin Collection Serv., Inc.</u>, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, in <u>Manno v.Healthcare Revenue Recovery Grp., LLC</u>, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue." In <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls,

then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

31. It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

32. With the autodialed calls to Plaintiff's telephone commencing on or about November 21st, 2016 and continuing at a rate of approximately (24) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

33. The Defendant, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA at least (24) times.

34. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these

considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

35. Defendants are in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

36. Defendants violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

37. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

B. A declaration that the Defendant's practices violated the TCPA;

   C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: May 22, 2017

             Respectfully submitted,

             */s/ Edward B. Geller*

             EDWARD B. GELLER, ESQ.
             EDWARD B. GELLER, ESQ., P.C., OF COUNSEL

TO

             M. HARVEY REPHEN & ASSOCIATES, P.C.
             15 LANDING WAY
             BRONX, NEW YORK 10464
             TEL:(914)473-6783

             *Attorney for the Plaintiffs',*
             MICHAEL TRENK

TO: COMENITY BANK
   1 RIGHTER PARKWAY SUITE 100
   WILMINGTON, DE 19803

*(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

(*Via Electronic Court Filing*)